WILSON TURNER KOSMO LLP
EMILY J. FOX (262106)
RITA M. LEONG (300058)
JOHN MONTS (339247)
402 West Broadway, Suite 1600
San Diego, California 92101
Telephone: 619.236.9600
Facsimile: 619.236.9669
E-mail: efox@wilsonturnerkosmo.com
E-mail: rleong@wilsonturnerkosmo.com
E-mail: jmonts@wilsonturnerkosmo.com

Attorneys for Defendant
AMAZON.COM SERVICES LLC

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTONIO CARRANZA, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES LLC, a Delaware Limited Liability Company; and DOES 1 through 10, Inclusive,<br><br>Defendants. | Case No. '26CV6616 WQHAHG<br><br>**DEFENDANT AMAZON.COM SERVICES LLC'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>**[28 U.S.C. Sections 1332, 1441, and 1446]**<br><br>**(Diversity Jurisdiction)** |

**TO THE CLERK OF THE COURT, AND TO PLAINTIFF ANTONIO CARRANZA AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant AMAZON.COM SERVICES LLC ("Defendant") hereby removes the above-entitled action from the Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California. This Court has original subject matter jurisdiction over the lawsuit filed by Plaintiff ANTONIO CARRANZA ("Plaintiff") pursuant to 28 U.S.C. section 1332(a) because complete diversity exists and the amount in controversy exceeds $75,000. Accordingly, removal is appropriate pursuant to 28 U.S.C. sections 1441(a) and 1446. Defendant sets forth the following facts in support of its Notice of Removal of Action:

## I. STATEMENT OF JURISDICTION

1. The District Court has original jurisdiction under 28 U.S.C. section 1332(a)(1), and this case may be removed pursuant to 28 U.S.C. section 1441(a), because it is a civil action between "citizens of different States" wherein the amount placed in controversy exceeds the sum of $75,000, exclusive of interest and costs.

2. Jurisdiction over the action within the District Court is proper on the grounds herein described, and the action is timely and properly removed upon the filing of this Notice.

## II. PLEADINGS AND PROCESS

3. On October 13, 2026, Plaintiff filed a Complaint in the Superior Court for the State of California, County of San Diego, entitled *Antonio Carranza v. Amazon.com Services LLC, et al.*, Case No. 26CU054553C ("the State Court Action"). A true and correct copy of the Summons, Complaint ("Compl."), and all other process and pleadings served on Defendant is attached as **Exhibit A** ("Ex. A") to the Declaration of Emily J. Fox ("Fox Decl."), at ¶ 4, filed concurrently with this Notice of Removal. *See* 28 U.S.C. § 1446(a) (requiring submission of all process, pleadings, and orders served upon a removing defendant).

4. Plaintiff's Complaint alleges fourteen causes of action against Defendant, pursuant to California law: (1) Wrongful Termination in Violation of Public Policy; (2) Whistleblower Retaliation (Lab. Code § 1102.5); (3) Whistleblower Retaliation (Lab. Code § 6310); (4) Retaliation for Exercising Labor Code Rights (Lab. Code § 98.6); (5) Negligent Hiring, Supervision, and Retention; (6) Failure to Pay Minimum Wage (Lab. Code §§ 1194, 1197); (7) Failure to Provide Meal Periods (Lab. Code § 512); (8) Failure to Provide Rest Periods (Lab. Code § 226.7); (9) Failure to Timely Pay Wages When Due (Lab. Code § 204); (10) Failure to Timely Pay Final Wages at Separation (Lab. Code §§ 201-203); (11) Failure to Provide Accurate Itemized Wage Statements (Lab. Code § 226); (12) Failure to Maintain Required Payroll and Employment Records (Lab. Code § 1198.5); (13) Failure to Provide Employment

Records Upon Request (Lab. Code §§ 226, 1198.5); and (14) Unfair Business Practices (Bus. & Prof. Code §§ 17200, et seq.).

5. On October 21, 2026, Plaintiff served on Defendant a Summons, Complaint, Civil Case Cover Sheet, Notice of Case Assignment and Case Management Conference, Notice of E-Filing Requirements and Imaged Documents, Alternative Dispute Resolution Information, and Stipulation to Use Alternative Dispute Resolution, by personal service on its registered agent for service of process. *See* Fox Decl. at ¶ 5, **Ex. A**.

6. No other parties have been named or served, and no other party has appeared in the State Court Action. *See* Fox Decl. at ¶ 8; *see also* 28 U.S.C. § 1446(b)(2)(A) ("all defendants who have been properly joined and served must join in and consent to the removal of the action").

7. On November 19, 2026, Defendant timely filed and served its Answer to Plaintiff's Complaint in San Diego Superior Court. A true and correct copy of Defendant's Answer is attached to the Fox Decl. at ¶ 6, **Exhibit B**.

8. A true and correct copy of all other filings in the State Court Action is attached as **Exhibit C** to the Fox Decl. at ¶ 7.

9. Pursuant to 28 U.S.C. section 1446(a), and to the best of Defendant's knowledge, **Exhibits A - C** constitute all the process, pleadings, and orders served in this action at the time of this removal.

## III. TIMELINE OF REMOVAL

10. This Removal is being filed within thirty (30) days after Defendant's registered agent was served with a copy of Plaintiff's Summons and Complaint on October 21, 2026, and within one year of the commencement of the Action. Because service was made on October 21, 2026, the thirty-day period runs through November 20, 2026. *See* Fox Decl. at ¶ 5, **Ex. A.** Removal is therefore timely as mandated by section 1446(b)-(c) and the Federal Rules of Civil Procedure. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting the time for removal is

triggered by the actual service of the Complaint, rather than its receipt by other means); Fed. Rules Civ. Proc. 6(a).

11. No previous Notice of Removal has been filed within this Court for the relief sought herein.

## IV. <u>VENUE</u>

12. Venue is proper when an action is removed "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Plaintiff initially filed this action in the Superior Court in San Diego, which sits within the Southern judicial district of California. 28 U.S.C. § 84(d) ("The Southern District comprises the counties of Imperial and San Diego.")

13. Venue also is proper in any "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred[.]" 28 U.S.C. § 1391(b)(2). In this case, Plaintiff alleges he worked at a delivery station Defendant operates in Chula Vista, California, and that the facts giving rise to his claims arose in San Diego County. *See* Fox Decl. at ¶ 4, **Ex. A**, Compl. at ¶¶ 8, 10.

14. Accordingly, for purposes of Removal, venue lies properly in this District.

## V. <u>THIS COURT HAS DIVERSITY JURISDICTION</u>

15. The Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendant are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549 (2005).

### A. <u>Complete Diversity of Citizenship Exists</u>

16. Under the diversity statute, provided the amount in controversy is established, the District Court "shall have original jurisdiction of all civil actions . . . between . . . Citizens of different States." 28 U.S.C. § 1332(a)(1).

17. For purposes of determining diversity of citizenship, an individual is deemed a citizen of the state in which she is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Id.* A party's residence is *prima facie* evidence of his or her domicile. *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013).

18. Plaintiff conceded in his Complaint that at all times relevant he was a resident of the County of San Diego, California. *See* Fox Decl. at ¶ 4, **Ex. A**, Compl. at ¶ 1. As such, these allegations are sufficient to establish that Plaintiff is domiciled in, and a citizen of, the State of California. Plaintiff also alleges he worked for Defendant in Chula Vista, California, for nearly eight years until his employment ended on September 8, 2026. *See* Compl. at ¶¶ 10, 21. *See Mondragon*, 736 F.3d at 885 (stating that "a party with the burden of proving citizenship may rely on the presumption of continuing domicile, which provides that, once established, a person's state of domicile continues unless rebutted with sufficient evidence of change.").

19. For purposes of establishing diversity, "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). A corporation is deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). "[T]he phrase 'principal place of business' refers to the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010). This is often referred to as the corporation's "nerve center," which is typically found at its corporate headquarters. *Id.*

20. Defendant Amazon.com Services LLC is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in Seattle, Washington. *See* Fox Decl. at ¶ 9, **Exhibit D**. Defendant Amazon.com Services LLC's sole member is Amazon.com Sales, Inc. and Amazon.com Sales, Inc.

is, and at all relevant times was, a corporation organized in the State of Delaware with its principal place of business in the State of Washington. *See* Fox Decl. at ¶ 10, **Exhibit E**. Amazon.com Sales, Inc. is not, and has never been, a citizen of the State of California. *Id*.

21. Defendant Amazon.com Services LLC is therefore a citizen of the State of Delaware and the State of Washington, the states of citizenship of its sole member. *See Johnson*, 437 F.3d at 899; 28 U.S.C. § 1332(c)(1).

22. The Complaint names DOES 1-10 as fictitious defendants. *See* Fox Decl. at ¶ 4, **Ex. A**, Compl. at ¶ 4. However, any fictitious defendants are disregarded in determining diversity for removal under 28 U.S.C. section 1332. *See* 28 U.S.C. § 1441(b)(1); *see also Bryant v. Ford Motor Co.*, 886 F.2d 1526, 1528 (9th Cir. 1989).

23. Given that Plaintiff is deemed a citizen of California, Defendant is deemed a citizen of Delaware and Washington, and no other defendant exists for purposes of determining federal jurisdiction, there is complete diversity of citizenship between the Parties pursuant to 28 U.S.C. section 1332(a)(1).

**B. The Amount in Controversy Exceeds $75,000**

24. Without conceding Plaintiff could recover damages, including civil or statutory penalties, Defendant asserts that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

25. As the U.S. Supreme Court has held under 28 U.S.C. section 1446(a), a defendant seeking to remove a case to federal court need only file "a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). The Court further held this language tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure, and that "[a] statement 'short and plain' need not contain evidentiary submissions." *Id*. at 84.

26. To determine the amount in controversy, a district court should first "consider whether it is 'facially apparent' from the complaint that the jurisdictional

amount is in controversy[,]" *i.e.*, that the amount exceeds the threshold. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). If the amount in controversy is not facially apparent, the court then considers whether the notice of removal plausibly alleges that the amount exceeds the threshold. *See Dart*, 574 U.S. at 87–88.[1] Where, as here, the complaint does not specify the amount of damages sought, the removing defendant need only show that it is more likely than not that the amount in controversy exceeds $75,000. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). For purposes of determining the amount in controversy, a court must consider that "the amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if []he prevails." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 418 (9th Cir. 2018). However, the "amount in controversy is 'not a prospective assessment of [a] defendant's liability.'" *Id.* at 417 (quoting *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010)). As such, "calculation of the amount in controversy takes into account claims for 'general' damages, 'special' damages, punitive damages if recoverable as a matter of law, and attorneys' fees recoverable by statute or contract." *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 984, 986 (S.D. Cal. 2005) ("It's not a question of what you would owe. It's a question as to what is in controversy."); *see also Galt G/S v. JSS Scandinavia*, 142 F.3d 1150,1155-56 (9th Cir. 1998).

27. Plaintiff's Complaint does not state a dollar amount, but Plaintiff designated this case as an unlimited civil case in which the amount demanded exceeds

---

[1] Although *Dart*, and Ninth Circuit cases interpreting *Dart*, analyzed the propriety of removing cases under the Class Action Fairness Act of 2005 ("CAFA"), district courts routinely rely on its framework for assessing removability of any matter under 28 U.S.C. sections 1332 and 1446. *See, e.g.*, *Jackson v. Compass Grp. USA, Inc.*, No. CV 19-4678-PSG (GJSx), 2019 WL 3493991, at *3 (C.D. Cal. July 31, 2019) (citing *Dart* as the appropriate legal standard for determining the amount in controversy on a motion to remand in a non-CAFA case).

$35,000. *See* Fox Decl. at ¶ 4, **Ex. A** (Civil Case Cover Sheet). Plaintiff seeks general, compensatory, and special damages; unpaid wages; meal and rest period premiums; liquidated damages; statutory penalties under Labor Code sections 203, 226, 226.3, 226.7, and 1198.5; civil penalties under Labor Code sections 1102.5, 6310, and 98.6; lost benefits; restitution; attorneys' fees; and punitive damages. *See* Compl. at Prayer for Relief, ¶¶ a-l. Defendant denies Plaintiff is entitled to any of this relief. But taking Plaintiff's allegations as true for purposes of removal only, the amount in controversy exceeds $75,000.

28. **Lost Wages.** Plaintiff alleges he was a full-time, hourly employee earning $26.50 per hour when his employment ended on September 8, 2026, that his regular schedule was eight-hour shifts, five days per week, and that he regularly worked more than forty hours per week in the months before his termination. *See* Compl. at ¶¶ 10, 12, 21. Assuming only a 40-hour workweek, Plaintiff's alleged lost wages are at least $1,060 per week. From September 8, 2026 through the date of this removal (approximately 10 weeks), Plaintiff's alleged past lost wages total at least $10,600. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1032 (N.D. Cal. 2002) (lost wages may be calculated from the date of termination to the date of removal).

29. The amount in controversy also includes future lost wages Plaintiff would recover if he prevails. *Chavez*, 888 F.3d at 417-18. The Complaint does not allege that Plaintiff has found other employment, and Plaintiff alleges he continues to suffer economic losses from the loss of his employment. *See* Compl. at ¶ 25. Conservatively assuming trial one year from the date of removal, Plaintiff's alleged future lost wages add at least $55,120 (52 weeks x $1,060).

30. **Waiting Time Penalties.** Plaintiff seeks thirty days' wages under Labor Code section 203. *See* Compl. at ¶ 79. At $26.50 per hour for eight hours per day, that amount is $6,360.

31. **Meal and Rest Period Premiums.** Plaintiff alleges that, beginning in or around September 2021, he regularly had to work through meal periods or delay them

past the fifth hour of work, that he regularly missed rest periods, and that he was not paid all of the premiums owed. *See* Compl. at ¶¶ 13-15, 23. Assuming only one missed meal period per week for the approximately 151 weeks between October 13, 2023 (three years before Plaintiff filed suit) and September 8, 2026, Plaintiff's alleged meal period premiums total at least $4,001.50 (151 x $26.50). Assuming only one missed rest period per week, his alleged rest period premiums add at least $4,001.50 (151 x $26.50).

32. **Statutory and Civil Penalties.** Plaintiff seeks wage statement penalties under Labor Code section 226(e) of up to $4,000; penalties of $750 each under Labor Code sections 226(f) and 1198.5(k); and civil penalties of up to $10,000 each under Labor Code sections 1102.5(f)(1) and 98.6(b)(3). *See* Compl. at ¶¶ 84, 94, Prayer for Relief, ¶¶ f-g. These alleged penalties total $25,500.

33. Taken together, these amounts exceed $105,000, before considering general damages, punitive damages, or attorneys' fees.

34. **General and Punitive Damages.** Plaintiff also seeks general damages and punitive damages under Civil Code section 3294 on his wrongful termination, whistleblower retaliation, and negligent supervision claims. *See* Compl. at ¶¶ 30, 35, 40, 49, Prayer for Relief, ¶¶ a, l. Both are properly included in the amount in controversy. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (emotional distress damages); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) (punitive damages).

35. **Attorneys' Fees.** Plaintiff seeks attorneys' fees under Labor Code sections 98.6, 226, 1102.5, 1194, and 1198.5. *See* Compl. at Prayer for Relief, ¶ j. Where fees are recoverable by statute, future fees through the end of the case are included in the amount in controversy. *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018).

36. Accordingly, while Defendant denies any liability, the amount in controversy more likely than not exceeds $75,000, exclusive of interest and costs.

## VI. THE OTHER REQUIREMENTS FOR REMOVAL ARE SATISFIED

37. As required by Federal Rule of Civil Procedure 7.1 and Civil Local Rule 40.2, Defendant concurrently files its Corporate Disclosure Statement and Notice of Party with Financial Interest.

38. Counsel for Defendant will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of San Diego, and give written notice of same to Plaintiff's counsel of record. *See* Fox Decl. at ¶ 11; 28 U.S.C. § 1446(d).

## VII. CONCLUSION

39. For the reasons set forth above, this Court has original jurisdiction over this action under 28 U.S.C. section 1332, and removal of this action is proper under 28 U.S.C. sections 1441 and 1446.

40. Should the propriety of removal be questioned, Defendant respectfully requests leave to conduct jurisdictional discovery and provide further evidence and argument in support of removal. *See Singer*, 116 F.3d at 376 ("[T]he court may consider facts in the removal petition, and may 'require parties to submit summary judgment-type evidence relevant to the amount in controversy at the time of removal.'"); *Janis v. Health Net, Inc.*, 472 F. App'x 533, 534 (9th Cir. 2012).

41. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendant's right to assert defenses including, without limitation, the defenses of (i) lack of jurisdiction, (ii) improper venue and/or *forum non conveniens*, (iii) insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims and/or parties, (vi) failure to state a claim, (vii) failure to join indispensable party(ies), or (viii) any other procedural or substantive defense available under state or federal law.

Dated: November 20. 2026

**WILSON TURNER KOSMO LLP**

By: *s/ Emily J. Fox*
EMILY J. FOX
Attorneys for Defendant
AMAZON.COM SERVICES LLC